UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANNY MAC,<br><br>              Plaintiff,<br><br>     v.<br><br>HAPO COMMUNITY CREDIT UNION,<br>a Washington Corporation,<br>RANDY LUCHSINGER, and JANE<br>DOE LUCHSINGER, DAVID SCHULTZ<br>AND JANE DOE SCHULTZ,<br><br>              Defendants. | NO. CV-04-5110-EFS<br><br>**ORDER HOLDING IN ABEYANCE IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER.** |

    Before the Court is Defendants' Motion for a Protective Order. (Ct. Rec. 24.) Defendants Motion seeks orders: (1) barring any further electronic discovery and (2) requiring Plaintiffs to finance any further electronic discovery, if any. The Court has reviewed the parties' memoranda and supporting attachments and is fully informed. For the reasons stated herein, the Defendants' Motion for a Protective Order is held in abeyance in part and granted in part.

**I. BACKGROUND**

    Defendant HAPO Community Credit Union ("HAPO"), Randy Luchsinger and David Schultz filed a Motion for a Protective Order to prohibit Mr. Mac from seeking any future electronic discovery. (In addition, HAPO filed

ORDER RULING ON MOTION FOR A PROTECTIVE ORDER ~ 1

a substantially similar Motion for Protective Order in the cases of Rita Dowell (CV-04-5098-EFS) and Ray Martin (CV-O4-5109-EFS)). Mr. Martin filed suit on October 4, 2004, against HAPO, Randy Luchsinger, and David Schultz alleging retaliatory discrimination. (Ct. Rec. 1.) It is the Court's understanding Plaintiffs in all three cases consolidated their electronic discovery issues and Plaintiffs paid $10,000 to preserve a copy of HAPO's hard drive. (CV-04-5098-EFS Ct. Rec. 46-2 at 35.)

Plaintiffs requested discovery of files contained on HAPO hard drives relating to Ms. Dowell's employment discrimination claim. On April 11, 2005, the Court signed a Stipulated Order Regarding Protocol for Electronic Discovery. (CV-04-5098-EFS Ct. Rec. 42.) All parties compromised to establish a workable electronic discovery plan using "keyword" searches of HAPO's hard drive. The parties trimmed Plaintiffs' original request from 164 search terms to fifty (50) words. (CV-04-5098-EFS Ct. Rec. 30)

On May 1, 2005 HAPO's computer search expert, Mr. Gordon Mitchell, conducted a search of HAPO's hard drive. (CV-04-5098-EFS Ct. Rec. 76-2.) As stated in the Stipulated Electronic Discovery Protocol, the parties agreed that keywords producing more than 500 hits would not be evaluated. (CV-04-5098-EFS Ct. Rec. 42.) Of the fifty search terms, thirty-three had hits, (CV-04-5098-EFS Ct. Rec. 76-2.). However, two words, "tournament" and "golf," were estimated to produce over 500 hits. Mr. Mitchell turned over 2300 documents to defense counsel for these thirty-three search terms. (CV-04-5098-EFS Ct. Rec. 76-2.) On June 10, 2005, Defense counsel turned over 1100 pages corresponding to thirteen search terms to Plaintiffs. (CV-04-5098-EFS Ct. Rec. 76-2.) Defendants

anticipate Plaintiffs will seek further electronic discovery and are especially weary of Plaintiffs' continuing suggestions that HAPO turn over the hard drive to Plaintiffs' expert. Accordingly, Defendants seek a protective order to prohibit Plaintiffs from seeking further electronic discovery.

### 1. **Further Electronic Discovery**

Under the Federal Rules of Civil Procedure, the Court may issue a protective order for "good cause shown," to protect a person or party from "annoyance, embarrassment, oppression, or undue burden or expense," when justice so requires. Fed. R. Civ. P. 26(c). The Defendants argue further electronic discovery will present HAPO with an undue burden. When determining whether "good cause" exists for a protective order, a court must balance the need for discovery against the burdens such discovery places on the parties. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The requesting party bears the burden of demonstrating to the Court the specific harm that will occur if discovery is not limited. *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Typically, the party seeking discovery is not allowed free access to the opposing party's hard drive. *See In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003). Such a process might allow the opposing party to have access to trade secrets and privileged attorney client information. Accordingly, Plaintiffs' expert shall not have access to Defendants' hard drive absent a showing of evidence necessitating such access.

In the case at hand, Defendants worked with Plaintiffs to substantially produce the results contemplated by the Stipulated

ORDER RULING ON MOTION FOR A PROTECTIVE ORDER ~ 3

1  Electronic Discovery Protocol. The parties agreed on a targeted keyword
2  search to both increase the chance of finding responsive documents and
3  decrease the Defendants' burden associated with producing such documents.

4      The Defendants have already produced 1100 electronic discovery
5  documents at a cost of $23,000. (Ct. Rec. 63 at 12.) Additionally,
6  counsel for Defendants spent a significant amount of time preparing for
7  the search and drafting the Stipulated Electronic Discovery Protocol.
8  (Ct. Rec. 63 at 12.) Consequently, the Court finds Defendants have shown
9  "good cause" regarding the undue burden associated with further
10 electronic discovery.

11     However, the Court's Order prohibiting further electronic discovery
12 is contingent on the conditions described below. First, the Court orders
13 Defendants to file a declaration explaining why the words "tournament"
14 and "golf" were stopped before 500 "hits" were reached. Additionally,
15 Defendants are ordered to explain why they used an "individual hit"
16 method (as opposed to a "hits within documents" method) in estimating
17 whether a word received 500 hits. Although the Stipulated Electronic
18 Discovery Protocol mandates that only words receiving less than 500
19 "hits" be produced, it appears that there is some confusion over the word
20 "hits." For example, Mr. Mitchell stated he stopped the search for the
21 word "tournament" because there were 400 documents averaging two or more
22 hits each, thus providing an estimate of 800 hits. (CV-04-5098-EFS Ct.
23 Rec. 67-2.) Such a procedure for examining hits would allow one document
24 with the word tournament repeated several times over to influence the
25 total hit count, even though only one document need be examined. Mr.
26 Richard Haugen, Plaintiffs' expert, describes this discrepancy between

ORDER RULING ON MOTION FOR A PROTECTIVE ORDER ~ 4

"individual hits" and "hits within a document" in his declaration. (CV-04-5098-EFS Ct. Rec. 75 at 2).

The Court also orders Defendants to produce a list of documents turned over by Mr. Mitchell to Defense Counsel by file-name only. Any documents where the <u>file-name itself</u> is subject to some privilege (work-product, attorney client, etc.) are exempt from this requirement. Assuming Defendants meet both requirements, the Court will grant the Defendants' Motion for a Protective Order Prohibiting Further Electronic Discovery. However, Plaintiffs may renew the request for electronic discovery upon a showing of new evidence that additional electronic discovery is likely to produce discoverable information. Such a request will be subject to the order on cost-sharing described below.

### 2. Cost-Sharing

Because of the difficulty in extracting and searching for electronic discovery, courts have developed a framework to evaluate which party must bear the financial burden of electronic discovery. *See e.g. Zubalake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Rowe Entertainment Inc. v. the William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002). *Zubalake* modified the framework set forth in *William Morris*, resulting in the following eight-factor test:

   1. The extent to which the request is specifically tailored to discover relevant information;

   2. The availability of such information from other sources;

   3. The total cost of production, compared to the amount in controversy;

   4. The total cost of production, compared to the resources available to each party;

> 5. The relative ability of each party to control costs and its incentive to do so;
>
> 6. The importance of the issues at stake in the litigation; and
>
> 7. The relative benefits to the parties of obtaining the information.

*Zubalake*, 217 F.R.D. at 322.

According to the court in *Zubalake*, the first two factors are the most important. *Id.* at 323. In addition, the court held that cost shifting should occur in cases where the information is on a difficult to retrieve medium, such as back-up tapes, or where fragmented files must be searched. *Id.* at 324.

In the instant case, the first factor weighs in Defendants' favor. The parties have already formed an agreement specifically tailored to discover relevant information and limited so as to not be unduly burdensome. The information resulting from this search has been produced to Plaintiffs. The second factor is a toss up because Plaintiffs can depose employees to ask if certain files are on their hard drive or inbox, but such requests might not be effective for documents produced years ago. So far, total discovery costs are $33,000; Defendants have spent $23,000 on an expert to conduct discovery, and Plaintiffs have spent $10,000 to preserve the contents of HAPO's hard drive. It follows that a significant amount of money has been spent on discovery by Defendants to date, and the third and fourth factors weigh in the Defendants favor. Finally, Plaintiffs are likely the only party to benefit from conducting a further search. The Court finds that the majority of the factors weigh towards requiring Plaintiffs to pay for

ORDER RULING ON MOTION FOR A PROTECTIVE ORDER ~ 6

electronic discovery requests.

A multi-factor analysis indicates that Plaintiffs should finance an future discovery. This is especially true given that Plaintiffs wish to search back-up tapes and for fragmented documents, two of the key instances in which *Zubalake* felt cost-shifting to be necessary. Accordingly, the Court grants Defendants' Motion for a Protective Order requiring Plaintiff to bear the cost of future electronic discovery, thus if Plaintiffs meet the standard prescribed above for future electronic discovery, the Court orders Plaintiffs to finance such discovery.

Accordingly, **IT IS HEREBY ORDERED**: Defendants' Motion for a Protective Order, **(Ct. Rec. 24)**, is **HELD IN ABEYANCE IN PART AND GRANTED IN PART**. Specifically,

1. Defendants' Motion for a Protective Order Barring any Future Electronic Discovery is **HELD IN ABEYANCE** until Defendants:

   a. File a Declaration with the Court explaining why searches for the words "golf" and "tournament" were stopped prior to reaching 10 hits, and explaining why the "individual hits" instead of the "hits within a document" definition of hits was used to exclude these search terms; and

   b. Produce to Plaintiffs a list of all documents receiving hits in Mr. Mitchell's May 1, 2005, search. After such production, the Court will **GRANT** the Defendants' Motion for a Protective Order Barring any Future Electronic Discovery. However, Plaintiffs may seek future discovery upon a showing that new evidence indicates future discover is likely to lead to discoverable information.

2. Defendants' Motion for a Protective Order Requiring Plaintiffs

ORDER RULING ON MOTION FOR A PROTECTIVE ORDER ~ 7

to Bear the Entire Cost of Further Electronic Discovery, if any, is **GRANTED**. Therefore, Plaintiffs may seek further electronic discovery if (1) Plaintiffs make a showing that new evidence indicates future discovery is likely to lead to discoverable information, and (2) Plaintiffs finance such discovery.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order; and provide copies to all counsel.

    **DATED** this 6th day of September 2005.


                                    S/ Edward F. Shea
                                        EDWARD F. SHEA
                                United States District Judge

Q:\Civil\2004\5110.MPORD.wpd

ORDER RULING ON MOTION FOR A PROTECTIVE ORDER ~ 8